IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| LIGHTHOUSE MISSION CHURCH INC., | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 200145G |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | **ORDER ON PARTIES'** |
| | ) | **CROSS-MOTIONS FOR SUMMARY** |
| Defendant. | ) | **JUDGMENT** |

On cross-motions for summary judgment, this case presents the question of whether an entire church building qualifies for exemption under ORS 307.140 where weekly services are held in the basement and the majority of the building is unused or used only for storage. The tax year at issue is 2019–20.

## I. FACTS

The parties do not materially differ on the pertinent facts. Plaintiff is a religious organization, and the subject is its church building, clearly marked as such and used by Plaintiff weekly for "Sunday school and Sunday service." (Clevidence Decl, ¶¶ 6–7; Ex A at 1–2; Wold Decl, ¶ 5.) Plaintiff's membership, donations, and resources have decreased over time. (Wold Decl, ¶ 2.) By October 2020, Plaintiff numbered about 30 members, most of whom were "between the ages of 75–85 years old." (*Id*., ¶¶ 2–3.)

After learning the subject had been listed for sale, Defendant inspected it in October 2019 and again in August 2020. (Clevidence Decl, ¶¶ 5–6, Ex A at 1.) Activity at the building was limited to the weekly services, which were held in the basement. (*Id*., ¶ 7, Ex A at 1.) The subject's main hall was chained shut, and the remaining portions of the building contained a "large accumulation of property" that appeared to Defendant's inspectors to be infrequently

accessed.  (*Id.*, ¶ 8, Ex A at 1.)  Defendant's inspectors also noted hazardous conditions and deferred maintenance, including "peeling paint, tile ceiling falling down, [and] worn surfaces." (*Id.*)  On their visit in August 2020, those inspectors noted that the parking lot was chained at both entrances and contained some derelict vehicles.  (*Id.*)

Defendant concluded that about 70 percent of the subject was "not in use by the organization" and notified Plaintiff that its exemption would be reduced from 100 percent to about 30 percent for the 2019–20 tax year.  (Compl at 2.)  Plaintiff asks the court to reinstate a full exemption; Defendant asks the court to uphold its change to the subject's exemption status.

## II.  ANALYSIS

The issue in this case is whether the entire subject property qualifies for exemption under ORS 307.140.[1]

ORS 307.140(1) exempts from *ad valorem* taxation two classes of property owned or being purchased by religious organizations: "(1) houses of public worship and (2) other buildings and property used solely for administration, education, etc., purposes." [2]  *Found. of Human Understanding v. Dept. of Rev.*, 9 OTR 429, 434 (Or Tax 1984), *aff'd in part, rev'd in part on*

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

[2] The text of ORS 307.140 reads:

"Upon compliance with ORS 307.162, the following property owned or being purchased by religious organizations shall be exempt from taxation:

"(1) All houses of public worship and other additional buildings and property used solely for administration, education, literary, benevolent, charitable, entertainment and recreational purposes by religious organizations, the lots on which they are situated, and the pews, slips and furniture therein. However, any part of any house of public worship or other additional buildings or property which is kept or used as a store or shop or for any purpose other than those stated in this section shall be assessed and taxed the same as other taxable property.

"(2) Parking lots used for parking or any other use as long as that parking or other use is permitted without charge for no fewer than 355 days during the tax year.

"(3) Land and the buildings thereon held or used solely for cemetery or crematory purposes, including any buildings solely used to store machinery or equipment used exclusively for maintenance of such lands."

*other grounds*, 301 Or 254, 722 P2d 1 (1986). The two classes are mutually independent bases for exemption; the phrase "other additional buildings" does not imply that such buildings must be in addition to houses of public worship. *Id.*

Numerous cases have examined exemption status under the category of "other additional buildings" being used for the charitable purpose of the advancement of religion. *See*, *e.g.*, *German Apostolic Christian Church v. Dept. of Rev.*, 279 Or 637, 569 P2d 596 (1977) (announcing test for determining whether religious organization's use of residence served charitable purpose of advancing religion); *Washington Cty. Assessor v. W. Beaverton Congregation of Jehovah's Witnesses, Inc.*, 18 OTR 409, 415–18 (Or Tax 2006) (surveying cases applying *German Apostolic* test). While public worship surely serves to advance religion, the terms of ORS 307.140(1) place houses of public worship in a different category than buildings used for charitable purposes. Although the reported cases have less frequently treated houses of public worship, they provide some guidance.

At a minimum, the exemption for houses of public worship covers "ordinary church edifices owned and used in the usual way for religious worship." *Archdiocese of Portland v. Dept. of Rev.*, 5 OTR 111, 115–16 (1972), *aff'd on other grounds*, 266 Or 419, 513 P2d 1137 (1973) (quoting *Evangelical Baptist B. & M. Soc. v. City of Boston*, 204 Mass 28, 31, 90 NE 572 (1910)). The exemption also covered a former church building where members of a nontraditional religious organization "congregated on a weekly basis to discuss and share their beliefs, and where interested outsiders could learn about and participate in church teachings." *Found. of Human Understanding v. Dept. of Rev.*, 301 Or 254, 262, 722 P2d 1 (1986) (finding building's use "fulfills many of the functions of the churches of more traditional religions"). However, another religious organization's tract of farmland with a house and barn was not

"within the purview of a 'house of public worship.' " *Golden Writ of God v. Dept. of Rev.*,

9 OTR 475, 478 (1984), *aff'd on other grounds*, 300 Or 479, 713 P2d 605 (1986).

For a whole building to qualify for exemption as a house of public worship, religious

worship must be the building's primary use. *See Diocese of Oregon v. Dept. of Rev.*, 5 OTR 126,

128–29 (1972) (Lusk, J. *pro tem*) (citing *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 343 P2d

893 (1959)) (stating view of former Chief Justice Lusk), *aff'd on other grounds*, 266 Or 501, 513

P2d 1138 (1973). The concept of primary is also applied in charitable use cases, and cases under

both ORS 307.130 and 307.140 are relevant to understanding it. *See*, *e.g.*, *German Apostolic*,

279 Or at 641–42 (concluding decisions interpreting ORS 307.130 are relevant to ORS 307.140

because advancement of religion is a charitable purpose).

In assessing a property's primary use, the proportion of the owner or lessor's various

activities at the property is relevant. *See*, *e.g.*, *Dept. of Rev. v. New Friends of Beaverton City

Library*, TC 5311, WL 6358467 at *9 (Or Tax Nov 26, 2019) (finding bookstore primarily used

for selling at retail rather than staging donations where 71 percent of inventory was sold versus

23 percent donated). The goal is to determine "the character and not the amount of use."

*German Apostolic*, 279 Or at 645 (disagreeing with lower court's reasoning in denying

exemption of spare rooms because of "insufficient" use). What is dispositive is not how much a

given portion of property is used, but whether it is "reasonably necessary for the advancement of

church aims." *Id*.

In any property primarily used for a qualifying purpose, the entire parcel is exempt so

long as any unused portions "are reasonably necessary to accommodate the actual qualifying

uses that occur on the remainder of the parcel." *Golden Writ of God v. Dept. of Rev.*, 300 Or

479, 484, 713 P2d 605 (1986) (holding 230-acre homesite with barn and corral not reasonably

necessary for organization's religious use).  The exemption extends to portions of the property "connected with and essential for the use of exempt property[.]"  *Found. of Human Understanding*, 301 Or at 264.  Portions of a property only lightly used due to natural conditions and "limitations imposed by the owner's resources" may be held exempt if the property's use is "consistent with the purposes of the exempt institution."  *Moshe Wilhelm/Chabad Lubavitch of Oregon v. Dept. of Rev.*, TC 3809, 1995 WL 604456 (Or Tax Oct 12, 1995) (holding undeveloped one-acre field reasonably necessary for weather-dependent use by proximate religious school as "nature laboratory").  In practice, church properties that are not residences qualify for exemption so long as their use relates primarily to church business.  *Jehovah's Witnesses*, 18 OTR at 418.

In the present case, Plaintiff's most regular and visible activity on the subject property is conducting weekly Sunday services and Sunday school.  That activity occurs in about 30 percent of subject.  Plaintiff admits the subject "is not being fully utilized" due to diminished membership.  (Ptf's Cross-Mot at 4.)  Defendant alleges the remainder is either unused or used for "storage of what can be assumed is church personal property."  (Def's Cross-Mot at 6.)  There is no allegation that Plaintiff is using any portion of the subject for purposes unrelated to church business; in fact, aside from the Sunday services, Plaintiff puts the subject to little active use.  Those Sunday services are therefore Plaintiff's primary use of the subject.

The question is whether the 70 percent of the church building not used for religious worship is entitled to exemption.  The test is whether those portions not put to the primary use are reasonably necessary to accommodate the primary use.  *Golden Writ of God*, 300 Or at 484.  Proximity is one factor tending to show reasonable necessity.  *Found. of Human Understanding*,

/ / /

301 Or at 264. Property that is "connected with and essential for the use of" uncontroversially exempt property is likewise exempt. *Id.*

Here, the entire subject is reasonably necessary to accommodate religious worship. *See Golden Writ of God*, 300 Or at 484. As an "ordinary church edifice[]," the subject's structure facilitates its use as a house of public worship and makes that use apparent to passersby. *See Archdiocese of Portland*, 5 OTR at 115–16. The subject is not used for any purpose unrelated to church business, such as a residence or a store. *See Jehovah's Witnesses*, 18 OTR at 418. Rather, Plaintiff's limited resources prevent it from making full use of the building. *See Moshe Wilhelm/Chabad Lubavitch of Oregon*, 1995 WL 604456. Plaintiff's ownership of the entire edifice is closely connected and essential to Plaintiff's use of a part of it for religious worship; the empty rooms are literally holding up the roof. *See Found. of Human Understanding*, 301 Or at 264.

Defendant arrives at the contrary conclusion because it separately applies the requirement that a property be actually used to the 30 percent of the subject in which worship takes place and the other 70 percent. After bracketing the former portion, Defendant concludes that the latter portion is not actually used.

However, the "actual use" requirement applies to the parcel as a whole and is satisfied where unused portions serve to accommodate qualifying uses on other portions:

> "To qualify the entire parcel for exemption under ORS 307.140, the taxpayer must actually use the entire parcel primarily for qualifying activities. The criterion is met when the entire parcel is actually used primarily for qualifying activities *or when those portions not actually used are reasonably necessary to accommodate the actual qualifying uses that occur on the remainder of the parcel*."

*Golden Writ of God*, 300 Or at 484 (emphasis added). Unused portions of a property should not be considered separately from the portions put to qualifying uses. Rather, those portions'

relation to the whole property's use must be considered. Here, the subject's used and unused portions together constitute an integrated church building. As discussed above, the unused portions are eminently necessary to accommodate the public worship occurring in the building. *See id*.

### III. CONCLUSION

Because Plaintiff's entire church building is reasonably necessary to support its use of the building as a house of public worship, Plaintiff is entitled to prevail as a matter of law. *See* TCR 47 C; TCR–MD 13 B.[3] Now, therefore,

IT IS ORDERED that Plaintiff's Cross-Motion for Summary Judgment is granted and Defendant's Cross-Motion for Summary Judgment is denied.

---

*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.*

*This document was signed by Magistrate Poul F. Lundgren and entered on April 15, 2021.*

---

[3] Tax Court Rules (TCR); Tax Court Rules–Magistrate Division (TCR–MD)